UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID RODRIGUEZ,                                        :
                                                        :
                        Petitioner,                     :
                                                        :       05 Civ. 3934 (GEL)
        v.                                              :
                                                        :       **OPINION AND ORDER**
THE FEDERAL BUREAU OF PRISONS,                          :
HARLEY G. LAPPEN, in his official                       :
capacity as Director of the Federal Bureau of           :
Prisons, and FREDERICK MENIFEE in his                   :
official capacity as the Warden of Federal              :
Correctional Institution—Otisville, NY,                 :
                                                        :
                        Respondents.                    :
------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

  David Rodriguez, a federal prisoner incarcerated for a term of fifty-one months, Petition ¶ 3, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a writ of mandamus pursuant to 28 U.S.C. § 1361. Rodriguez's petition challenges the policy of the Bureau of Prisons, adopted in December 2002, not to consider prisoners for designation to a community corrections center ("CCC") until the last ten percent of their terms.

  This petition presents the same issue that the Court has decided in favor of petitioners in several prior cases. See, e.g., Darden v. Menifee, No. 04 Civ. 2145 (GEL) (S.D.N.Y. April 22, 2004) (adopting Judge Holwell's analysis of the statute in Zucker v. Menifee, 03 Civ. 10077 (RJH), 2004 WL 102779, at *6-*10 (S.D.N.Y. Jan. 21, 2004)); Quintero v. Menifee, No. 04 Civ. 1597 (GEL) (S.D.N.Y. April 5, 2004) (same). In Darden, the Court noted that a majority of judges in this District have followed Judge Holwell in finding the challenged policy inconsistent with congressional enactments. Since that time, this weight of authority has been further supported by two appellate decisions. See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004).

  Thus, Rodriguez has established that he is entitled to the relief he seeks. Ordinarily, the Court would not enter an order without at least directing that the Government file a response. In this case, however, there are several reasons to proceed more expeditiously. First, petitioner argues that he should be eligible for consideration for a halfway house placement as of today, April 27, 2005, while under the challenged policy, he is scheduled for such a placement on June 27, 2005. (Rodriguez originally petitioned the Eastern District of New York for identical relief on December 3, 2004. That petition was not dismissed for lack of jurisdiction until April 13, 2005. Rodriguez v. Menifee, No. 04 Civ. 5281 (DRH) (E.D.N.Y. April 13, 2005). The instant

petition was then filed before this Court on April 19, 2005, which properly has jurisdiction given petitioners' confinement in Otisville, an institution located within the Southern District of New York.) There is thus a limited window in which to act, if the relief requested is to have any effect. Second, so far as the Court is aware, the Government has not appealed any of the decisions of this Court directing similar relief, suggesting that the Government's routine opposition to such petitions is largely pro forma. Third, as the relief requested is simply to require the Bureau of Prisons to exercise its discretion in accord with its own former policy, if the factual premises of the petition on which the Court relies are incorrect, respondents would be well within their discretion, and in compliance with the Court's Order, to adhere to their previous designation. Finally, the Court can and will protect against the possibility of error by briefly staying its order to allow the Government to seek reargument if there is any basis for doing so.

Accordingly, it is hereby ORDERED that the respondents are directed to reconsider, promptly and in good faith, the appropriateness of transferring Rodriguez to a community confinement center in light of the factors deemed appropriate by the Bureau of Prisons, without reference to a limit of ten percent of the sentence imposed. As the Court emphasized in Quintero, this Order does not purport to establish any entitlement on the part of petitioner to any particular designation; its effect is to restore discretion to the Bureau of Prisons in light of its pre-December 2002 policy, not to impose judicial control over a decision best left to the sound expertise of the Bureau.

It is further ORDERED that the effect of this Order is STAYED until May 11, 2005, to permit the Government an opportunity to seek reargument or other relief if there is any basis for doing so.

SO ORDERED.

Dated: New York, New York
April 27, 2005

_____
GERARD E. LYNCH
United States District Judge