UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
DAVID RODRIGUEZ,                                                 :
                                                                 :
                              Petitioner,                        :
                                                                 :          05 Civ. 3934 (GEL)
            v.                                                   :
                                                                 :          **OPINION AND ORDER**
THE FEDERAL BUREAU OF PRISONS,                                   :
HARLEY G. LAPPEN, in his official                                :
capacity as Director of the Federal Bureau of                    :
Prisons, and FREDERICK MENIFEE in his                            :
official capacity as the Warden of Federal                       :
Correctional Institution-Otisville, NY,                          :
                                                                 :
                              Respondents.                       :
-----------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       David Rodriguez, a federal prisoner incarcerated for a term of fifty-one months, Petition ¶ 3, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a writ of mandamus pursuant to 28 U.S.C. § 1361. Rodriguez's petition seeks to challenge the legality of a policy of the Bureau of Prisons, adopted in December 2002, not to consider prisoners for designation to a community corrections center ("CCC") until the last ten percent of their terms.

       Since petitioner's application was time-sensitive, given the approaching end of his prison term, the Court summarily granted his petition on April 27, 2005, without waiting for a response from the Government, noting that the Court had already decided that the December 2002 policy was based on a misinterpretation of the relevant statutes. Rodriguez v. Menifee, No. 05 Civ. 3934 (GEL) (S.D.N.Y. Apr. 27, 2005), citing Darden v. Menifee, No. 04 Civ. 2145 (GEL) (S.D.N.Y. April 22, 2004) (adopting Judge Holwell's analysis of the statute in Zucker v. Menifee, 03 Civ. 10077 (RJH), 2004 WL 102779, at *6-*10 (S.D.N.Y. Jan. 21, 2004)); Quintero v. Menifee, No. 04 Civ. 1597 (GEL) (S.D.N.Y. April 5, 2004) (same). See also Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004).

       Accordingly, the Court ordered respondents to reconsider, promptly and in good faith, the appropriateness of transferring Rodriguez to a CCC in light of the factors deemed appropriate by the Bureau of Prisons, without reference to a limit of ten percent of the sentence imposed. However, the Court stayed its order until May 11, 2005, to permit the Government an opportunity to seek reargument or other relief if there was any basis for doing so.

On May 11, the Government moved for reconsideration of the Court's April 27 Order, noting that although Rodriguez challenged the application of the December 2002 policy, since the filing of his original petition in the Eastern District of New York in December 2004, the Bureau of Prisons had in fact adopted new regulations governing designations to CCCs. The Government further informed the Court that petitioner's eligibility for CCC placement had been considered under the new regulations on April 25, 2005. These regulations, adopted in February 2005, purport to exercise precisely the discretion that the Court's previous Order was meant to protect, without reference to misguided statutory interpretation. Nevertheless, the regulations essentially reinstitute the former ten percent policy. 28 C.F.R. § 570.20-.21; 70 Fed. Reg. 1659 (Jan. 10, 2005).

Rodriguez's challenge to the December 2002 policy is clearly moot; he is no longer being held in confinement pursuant to that policy. Moreover, as the Government notes, the Bureau of Prisons has now exercised its discretion, albeit pursuant to a categorical judgment rather than an individualized procedure, but has done so in apparent good faith and without reference to any statutory misunderstanding. As the Court emphasized in Quintero, its Order did not purport to establish any entitlement on the part of petitioner to any particular designation; its effect is to restore discretion to the Bureau of Prisons, not to impose judicial control over a decision best left to the sound expertise of the Bureau.

The Government notes that some prisoners have challenged the new regulation, with mixed results. See Wiesel v. Menifee, No. 04 Civ. 9681 (DAB), 2005 WL 1036297 (S.D.N.Y. May 2, 2005) (upholding February 2005 regulations but finding their application to petitioner, convicted prior to policy change, to be a violation of the *Ex Post Facto* Clause); Yip v. BOP, No. 05 Civ. 1314 (NG), ___ F. Supp. 2d ___, 2005 WL 737567 (E.D.N.Y. April 1, 2005) (upholding February 2005 regulations); Drew v. Menifee, No. 04 Civ. 9944 (HBP), 2005 WL 525449 (S.D.N.Y. Feb. 25, 2005) (invalidating February 2005 regulations because they fail to take into account the individualized factors the BOP is required to consider under 18 U.S.C. § 3621 in determining inmate placement). It therefore offers to treat Rodriguez's petition as a challenge to the new regulations, and undertakes a substantive defense of that policy. The Court declines this invitation to adjudicate a challenge not in fact made by petitioner. The Government informs the Court that under the present policy Rodriguez is scheduled to commence a community placement on or after July 12, 2005. By the time Rodriguez could be offered an opportunity to clarify whether he wishes to challenge the new policy, and could file a response to the Government's papers, his quest for an earlier designation would be largely academic. The Court should not undertake to adjudicate the legitimacy of significant Bureau of Prisons regulations under considerable time pressure, in a case in which no one has actually challenged that legitimacy, and in which no practical consequence would actually turn on the decision.

Accordingly, the Government's motion for reconsideration is granted, the Court's Order of April 27, 2005, is vacated, and the petition for habeas corpus is denied.

SO ORDERED.

Dated: New York, New York
       May 13, 2005

                                                GERARD E. LYNCH
                                                United States District Judge